UNITED STATES of America,
Plaintiff-Appellant,

v.

Kelvin PACE, Defendant-Appellee.

Kelvin Pace, Petitioner-Appellee,

v.

United States of America, Respondent-Appellant.

No. 16-16427, No. 16-16429
Non-Argument Calendar

United States Court of Appeals,
Eleventh Circuit.

(September 29, 2017)

Jane Mackenzie Duane, Wifredo A. Ferrer, Nicole D. Mariani, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, Charles E. Duross, U.S. Department of Justice, Criminal Division, Washington, DC, for Plaintiff-Appellant

Brenda Greenberg Bryn, Federal Public Defender's Office, Fort Lauderdale, FL, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant-Appellee

Before TJOFLAT, WILLIAM PRYOR and BLACK, Circuit Judges.

PER CURIAM:

The Government appeals the district court's grant of Kelvin Pace's motion to vacate sentence, 28 U.S.C. § 2255. Pace had been sentenced to 235 months' imprisonment under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The Government asserts the district court erred by concluding Pace lacked a sufficient number of predicate "violent felonies" in light of *Johnson v. United States*, —— U.S. ——, 135 S.Ct. 2551, 192 L.Ed.2d 569 (2015). After review,[1] we reverse and remand to the district court.

Pace contends the cases cited by the Government are unpersuasive. We do not agree. Following close review, we conclude our binding precedent counsels in favor of reversal and remand because, in light of his convictions for Florida robbery pursuant to Florida Statute § 812.13, Pace has a sufficient number of predicate "violent felonies" to support an armed career criminal designation under the ACCA. *See United States v. Fritts*, 841 F.3d 937 (11th Cir. 2016); *United States v. Lockley*, 632 F.3d 1238 (11th Cir. 2011); *United States v. Dowd*, 451 F.3d 1244 (11th Cir. 2006). The district court's amended judgment is **VACATED**. The district court's order granting Pace's motion to vacate sentence is **REVERSED**. We **REMAND** to the district court for reinstatement of its original judgment and further action consistent with this opinion.

---

1. In a 28 U.S.C. § 2255 proceeding we review a district court's findings of fact for clear error, and its legal conclusions *de novo*. *Garcia v. United States*, 278 F.3d 1210, 1212 (11th Cir. 2002).